UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN M. LANDRUM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CREDIT CONTROL SERVICES, INC. *dba*<br>CREDIT COLLECTION SERVICES<br><br>　　　　Defendant. | Case No. 1:21-cv-02220<br><br>Judge<br><br>COMPLAINT<br>JURY DEMAND ENDORSED HEREON |

Plaintiff, Steven M. Landrum ("Plaintiff"), for his Complaint against Credit Control Services, Inc. *dba* Credit Collection Services ("Defendant"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq* ("FDCPA"), as a result of Defendant's unlawful collections practices as described in this Complaint, *infra*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Northern District of Illinois and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Illinois.

PARTIES

4. Plaintiff is a natural adult person residing in Aurora, Illinois, which is located within the Northern District of Illinois.

5. Plaintiff is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

6. Defendant is a Massachusetts limited liability company in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States.

7. Defendant regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

8. In its correspondences to consumers and on its website, Defendant identifies itself as a "debt collector." *See* https://www.ccsusa.com/opCo ccs.html.

9. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

10. Defendant acted through its agents, employees, members, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

11. The instant action arises out of Defendant's attempts to collect an outstanding consumer debt that Plaintiff allegedly owed to Edward Hospital (the "Debt").

12. Since at least December 2019, Plaintiff has been receiving calls to his cellular phone, (xxx) xxx-3287, from Defendant.

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 3287. Plaintiff is and always has been financially responsible for the cellular phone and its services.

14. Upon first speaking with Defendant in or around December 2019, Plaintiff was informed that Defendant was attempting to collect the Debt.

15. Since approximately December 2019, Plaintiff has repeatedly notified Defendant's representatives that he did not have the means to make payment, and has repeatedly requested that Defendant stop calling him.

16. One of these conversations occurred on or around December 12, 2019.

17. In spite of this explicit information, Defendant has placed dozens of phone calls to Plaintiff's cellular phone through the present day.

18. Defendant has also placed multiple calls to Plaintiff's cellular phone during the course of the same day.

19. Upon information and belief, Defendant has used multiple phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (781) 689-9000.

20. Upon information and belief, the above-referenced phone number is regularly utilized by Defendant during its debt collection activities.

## DAMAGES

21. Plaintiff has been unfairly treated and harassed by Defendant's conduct.

22. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to: stress, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

23. Frustrated over Defendant's harassing conduct, Plaintiff was forced to retain counsel, and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

24. As a result of Defendant's conduct, Plaintiff is entitled to statutory damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

## GROUNDS FOR RELIEF

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692d, d(5), e, e(10) and f

25. All prior paragraphs are incorporated into this count by reference.

26. The Debt is a "debt" as that term is defined by § 1692a(5) of the FDCPA as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

27. The FDCPA mandates, in relevant part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. §§ 1692d and d(5).

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e and e(10).

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

15 U.S.C. § 1692f.

28. Defendant violated §§ 1692d and d(5) when it continuously called Plaintiff after being notified that Plaintiff was insolvent and to stop calling. Yet, Defendant continued to place repeated phone calls to Plaintiff's cellular phone with the hopes that the sustained pressure would cause Plaintiff to succumb to Defendant's efforts and remit payment. This repeated behavior of systematically calling Plaintiff's cellular phone, in spite of his demands, was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

29. Defendant was notified by Plaintiff that its calls were not welcomed and that he was feeling harassed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

30. Defendant violated §§ 1692e and e(10) when it used false and deceptive means to collect and/or attempt to collect the Debt. Even though Plaintiff notified Defendant that he could not make payment and to stop calling, Defendant blatantly ignored Plaintiff's assertions regarding his financial hardships and deceptively continued to place systematic calls to his cellular phone.

31. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on the Debt by continuously calling Plaintiff numerous times after being told that he could not pay and to stop calling. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after receiving this information is unfair and unconscionable behavior. These means employed by Defendant only served to frustrate, worry and confuse Plaintiff.

32. As pled in paragraphs 21 through 24, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's unlawful actions as outlined in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Steven M. Landrum, respectfully requests that this Court enter judgment in his favor as follows:

A. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

D. Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 26th day of April, 2021.    Respectfully Submitted,

   /s/ Geoff B. McCarrell
Geoff B. McCarrell #0086427
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Avenue, Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
geoff.m@consumerlawpartners.com

*Attorneys for Plaintiff, Steven M. Landrum*

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

   /s/ Geoff B. McCarrell
Geoff B. McCarrell #0086427
CONSUMER LAW PARTNERS, LLC

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS      )
                       ) ss
COUNTY OF KANE         )

Pursuant to 28 U.S.C. § 1746, Plaintiff, Steven M. Landrum, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  4/22/2021

DocuSigned by:
*[Signature]*
CF774334B59142D...
Signature

7